UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUROPE COLBERT,

Plaintiff,

v.

JAMIL FELLS,

Defendant.
_____________________________/

Case No. 4:26-cv-13116

Hon. F. Kay Behm
United States District Judge

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT**

## I. PROCEDURAL HISTORY

Plaintiff Europe Colbert filed this action on August 31, 2026, against Defendant Jamil Fells. ECF No. 1. She also filed an application to proceed without prepaying fees and costs. ECF No. 2. The Court finds the application to proceed without prepaying fees and costs facially sufficient and **GRANTS** the application. For the reasons explained below, however, Plaintiff's federal claim will be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and her remaining state law claims will be dismissed because the Court declines to exercise supplemental jurisdiction.

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

Plaintiff's only federal claim is for violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq*. ECF No. 1, PageID.4. Her sole allegation with relation to this claim is that "Defendant intentionally accessed Plaintiff's private digital communications, electronic messages, or stored accounts without authorization to obtain confidential details." *Id.*

The Stored Communications Act "prohibits unauthorized access to an electronic communication while it is in 'electronic storage' in 'a facility through which an electronic communication service is provided.'" *Branden v. Branden*, No. 3:17-CV-320, 2018 WL 11303983, at *5 (E.D. Tenn. Feb. 26, 2018) (quoting 18 U.S.C. § 2701(a)). "To that end, allegations that a person simply accessed electronic communications stored on personal computers or cellular phones, without any allegation that the person obtained

information from the electronic-communication service provider, fails to state a claim for violation of the Stored Communications Act." *Id.* "Instead, to state a claim for violation of the Stored Communications Act, a plaintiff must allege that the defendant accessed electronic communications stored on an electronic-communication service provider's system or server." *Id.*; *see, e.g.*, *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 556 (S.D.N.Y. 2008) (accessing the plaintiff's Hotmail and Gmail accounts to view stored emails would be a violation of the Stored Communications Act).

Plaintiff's allegation that Defendant accessed "digital communications, electronic messages, or stored accounts" is vague and lacks the factual detail necessary to state a claim under the Stored Communications Act. If Plaintiff's allegations are that Defendant accessed her personal devices and found communications and electronic messages, there is no claim under the Stored Communications Act. Plaintiff does not otherwise clearly allege that Defendant accessed a service provider's system to view communications and messages there. Her vague reference to "stored accounts" without actually identifying any accounts that Defendant accessed or the manner in which he

accessed them is wholly insufficient to state a claim. For this reason, the claim must be dismissed.

This leaves Plaintiff's state law claims for defamation and defamation per se, false light invasion of privacy, appropriation/misappropriation of likeness, and intentional infliction of emotional distress. ECF No. 1, PageID.3-4. Where, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial ... the state claims should be dismissed as well."); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."). In this case, the court has dismissed Plaintiff's only federal claim. Thus, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they must be dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, although Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's federal claim is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted, and Plaintiff's remaining state law claims are also **DISMISSED** without prejudice.

**SO ORDERED.**

Date: September 29, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge